UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sprint Solutions, Inc. et al.,
      Plaintiffs,
v.

Civil Action 2:14-cv-00127
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

Tamer Shoukry, et al.,
      Defendants.

## OPINION AND ORDER

Plaintiffs Sprint Solutions, Inc., Sprint Communications Company, L.P., and Boost Worldwide, Inc. move the Court to strike Defendants Tamer Shoukry d/b/a Mr. Wireless Ohio's, American Cellular Refurbishing Company d/b/a iGadget Repair and Recyle's, and Abdelouahed Ennebet's affirmative defenses as asserted in their Answer. (ECF No. 10 (Plaintiffs' Motion to Strike); ECF No. 4 (Defendants' Answer).) Defendants declined to respond to Plaintiffs' motion. For the reasons that follow, Plaintiffs' motion is **GRANTED IN PART and DENIED IN PART**.

### I. BACKGROUND

Plaintiffs filed a complaint against Defendants alleging, inter alia, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, fraud, and trademark infringement. According to Plaintiffs, Defendants profit from a scheme in which they acquire subsidized Sprint phones through illicit means, "unlock" the phones so that they will operate on networks other than Sprint's, and sell them to purchasers outside of Sprint's market. (Compl. ¶¶ 1-3; ECF No. 1.) Defendants timely answered Plaintiffs' allegations and plead 11 affirmative defenses. These defenses state:

   1. The Complaint fails to state a cause of action upon which relief can be granted.

1

2. The documents attached to the complaint do not constitute a proper account.

3. The Complaint is barred by a failure of conditions precedent.

4. The Complaint is barred by estoppel.

5. The Complaint is barred by fraud.

6. The Complaint is barred by intervening causes.

7. The Complaint is barred by payment.

8. The Complaint is barred by waiver.

9. The Complaint is barred by Plaintiffs' failure to mitigate their damages.

10. The Complaint is barred by Plaintiffs' unclean hands.

11. The Complaint is barred by general equitable principles.

(Answer at 2; ECF No. 4.)

Plaintiffs move to strike all of these affirmative defenses, arguing that they "are improper because they contain no more than recitations of legal conclusions devoid of any factual allegations." (Mot. Strike at 3; ECF No. 10.) Defendants have not responded.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *AT&T Global Info. Solutions Co. v. Union Tank Car Co.*, No. C2-94-876, 1997 WL 382101, at *1 (S.D. Ohio Mar. 31, 1997) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). The action of striking a pleading should be "resorted to only when required for the purposes of

justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822.

## III. DISCUSSION

According to Plaintiffs, the Answer's affirmative defenses must be stricken because they fail to meet the pleading standard as articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Those cases held that "a complaint must contain sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Accordingly, "mere conclusory statements" are insufficient to state a cause of action. *Id.* But neither case found "that the 'plausibility' standard also applies to defenses." *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *6 (E.D. Tenn. Jan. 5, 2011)

Whether or not the plausibility standard applies to affirmative defenses remains unresolved. While some courts in this Circuit have applied such a heightened standard to affirmative defenses, others have not. *Compare Nixson v. The Health Alliance*, No. 1:10-CV-00338, 2010 WL 5230867, at *3 (S.D. Ohio Dec. 16, 2010) (applying the *Iqbal/Twombly* standard to affirmative defenses), *with Joe Hand Promotions, Inc. v. Havens*, No. 2:13-CV-0093, 2013 WL 3876176, at *2 (S.D. Ohio July 26, 2013) ("Plaintiff has not persuaded this Court that a heightened pleading standard applies to the assertion of affirmative defenses.").

The Sixth Circuit has not expressly held that a heightened pleading standard applies to affirmative defenses. *See Shreve v. Franklin County, Ohio*, 2012 WL 1580936, *1 (S.D. Ohio May 4, 2012); *cf. Montgomery v. Wyeth*, 580 F.3d 455, 468 (6th Cir. 2009) (holding—after *Iqbal* and *Twombly*—that defendant's pleading of repose defense sufficed under "fair notice" standard and that the "Federal Rules of Civil Procedure do not require a heightened pleading standard for

3

a statute of repose defense"). Some courts take this to mean that that "the Sixth Circuit does not require that affirmative defenses show that the pleader is entitled to relief." *Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, *3 (N.D. Ohio Sept.23, 2011). Because the Supreme Court and the Sixth Circuit have not expressly held that heightened pleading applies to defenses, the Court declines to do so here.

This understanding is consistent with the language of Rule 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(c)(1), by contrast, requires only that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." As numerous courts have observed, *Iqbal* and *Twombly* analyzed only complaints and Rule 8(a)(2). *See, e.g., Cottle v. Falcon Holdings Mgmt., LLC,* No. 2:11-CV-95-PRC; 2012 WL 266968, *2 (N.D. Ind. Jan.30, 2012) ("[T]he language of Rule 8(a)(2) relied on by the Supreme Court in *Twombly* and *Iqbal* . . . . is not contained in Rules 8(b) or (c).").

In accordance with current Sixth Circuit authority, the Court will strike an affirmative defense if it would serve the purposes of justice and if the defense is insufficient as a matter of law. *Brown & Williamson*, 201 F.2d at 822; *see also Chiancone*, 2011 WL 4436587 at *4. A defense is insufficient if it cannot succeed under any circumstances. *Brown & Williamson*, 201 F.2d at 822. And, a defense is sufficiently plead if it gives the plaintiff fair notice of the nature of the defense. *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) ("[A]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.") (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1274); *see also Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (per

4

curiam) (holding that affirmative defense asserting that plaintiff's claims were barred by res judicata was sufficient because it gave plaintiff notice of the defense).

## A. Second, Third, and Fifth Affirmative Defenses

The Court, after reviewing the Answer, finds three defenses problematic. Defendants' second affirmative defense states that "documents attached to the complaint do not constitute a proper account." (Answer at 2.) But this raises a factual question regarding the accuracy of Plaintiff's pleadings and therefore falls outside of Rule 8(c)'s affirmative defenses. *See Ford Motor Co. v. Transp. Indem. Co.*, 795 F.2d 538, 546 (6th Cir. 1986) ("[S]ome defenses negate an element of the plaintiff's *prima facie* case; these defenses are excluded from the definition of affirmative defense in Fed. R. Civ. P. 8(c).") (citation omitted); *Dynasty Apparel Indus. Inc. v. Rentz*, 206 F.R.D. 603, 606 (S.D. Ohio 2002) ("[S]ince [plaintiff] must establish the allegations comprising Rentz's third, sixth, seventh and ninth affirmative defenses as part of its claim, they are not affirmative defenses.").

Defendants' third affirmative defense asserts that Plaintiffs' complaint is barred by a failure of conditions precedent. A party denying that a condition precedent has occurred must do so with particularity. *See* Fed. R. Civ. P. 9(c); *see also Conocophillips Co. v. Shaffer*, No. 3:05-CV-7131, 2005 WL 2280393 at *3 (N.D. Ohio Sept. 19, 2005) (holding defense "The complaint is barred by failure of conditions precedent" violated Rule 9(c)). Defendants did not do so here.

Defendants' fifth affirmative defense asserts that "[t]he Complaint is barred by fraud." But again, a party must state with particularity the circumstances constituting fraud, *see* Fed. R. Civ. P. 9(b); *see also Bradford Co. v. Afco Mfg.*, No. 1:05-CV-449, 2006 WL 143343, at *5 (S.D. Ohio Jan. 19, 2006) ("Rule 9(b)'s standard for pleading with particularity applies where the affirmative defense deals with fraud and mistake."), and Defendants did not do so.

5

Thus, the Court will strike Defendants' second, third, and fifth affirmative defenses.

## B. Remaining Defenses

The Court now turns to the remaining defenses. As explained below, they do not similarly suffer from infirmities and thus the Court will not strike them.

Defendants' first affirmative defense asserts that Plaintiffs' complaint fails to state a cause of action upon which relief can be granted. Federal Rule 12(h)(2)(A) allows a party to raise "failure to state a claim" in "any pleading allowed or ordered under Rule 7(a)," which includes the answer. *Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc.*, No. 3:09-CV-01098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011). And, courts in this Circuit have accepted "failure to state a claim" as an affirmative defense. *Id.* (collecting cases). Because motions to strike defenses are disfavored and this defense provides Plaintiffs fair notice, the Court declines to strike the first affirmative defense.

In the fourth, eighth and tenth affirmative defenses, Defendants press that estoppel, waiver, and unclean hands bar Plaintiffs' Complaint. Though these defenses lack factual detail, the Court finds that they provide Plaintiffs with fair notice of the nature of Defendants' defenses. *See Sony/ATV*, 2011 WL 4729807, at *5 (holding affirmative defenses that stated claims are "barred by the doctrines of . . . estoppel, and/or waiver . . . [and] unclean hands" provided plaintiff with fair notice of nature of defense).

The eleventh affirmative defense asserts that the "Complaint is barred by general equitable principles." (Answer at 2.) The Court will not strike this defense, as it construes this as a reservation of right to amend. Similar reservations of rights to amend have been allowed by courts. *See Peters v. Credit Protection Ass'n LP*, No. 2:13-cv-767, 2014 WL 1049913, at *4 (Mar. 17, 2014) (collecting cases). Defendants will be constrained by the limits of Rule 15 and

6

this Court's scheduling order and cannot provide themselves any greater rights by setting forth such assertions in its answer. *See id.*

Defendants' sixth, seventh, and ninth affirmative defenses contend that Plaintiffs' complaint is barred by intervening causes, payment, and Plaintiff's failure to mitigate their damages. Again, the Court acknowledges the lack of factual, but finds that the Answer provides Plaintiffs with fair notice of the nature of the defenses. *See Sony/ATV Music Pub. LLC*, 2011 WL 4729807, at *5 (holding defense asserting that that "claims are barred by payment from other Defendants" sufficient to give plaintiffs fair notice of the nature of defense).

Plaintiffs offer one additional argument: to give fair notice of the affirmative defenses, Defendants needed to identify the claim to which each defense applies. Defendants styled each defense to read "The Complaint fails" or "is barred" without singling out any specific claims.[1] But defenses similar to those provided here have been found to provide adequate notice. *See, e.g., Sony/ATV*, 2011 WL 4729807, at *1 ("Plaintiffs' claims are barred by [defenses]."); *see also Peters*, 2014 WL 1049913, at *1 ("Plaintiff's Complaint, and each cause of action alleged therein is barred by [defenses]."). Indeed, Plaintiffs offer no authority from this Circuit showing that defendants must expressly link each defense to specific claims to provide fair notice. Here, the defenses provide adequate notice. All of Plaintiffs' claims stem from the same alleged fraudulent scheme. And, Plaintiffs have not shown that the remaining defenses have no possible relation to the controversy or that striking them is required for the purpose of justice. *See Brown & Williamson*, 201 F.2d at 822; *cf. Bennett v. Sprint Nextl Corp.*, No. 09-2122-EFM, 2011 WL 4553055, at *2 n.13 (D. Kan. Sept. 29, 2011) ("The Court is of the impression that the fear that

---

[1] Affirmative Defense 2 is the sole exception. It states that "The documents attached to the complaint do not constitute a proper account." But, as explained above, the Court will strike this defense.

allowing frivolous defenses to remain in the answer will exact a measurable cost is greatly exaggerated . . . typically, no discovery will take place on baseless defenses because it will be readily apparent which affirmative defenses are not viable, and the parties will act accordingly."). Thus, the Court will deny Plaintiffs' motion as it pertains to defenses one, four, six, seven, eight, nine, ten, and eleven.

In deciding this Motion, the Court notes that the affirmative defenses should have been made in good faith. Defendants' attorney presented to the Court the signed Answer, thus "certify[ing] that to the best of [his] knowledge," the Answer's defenses "are warranted" and that that the "factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). If this is later revealed to not be the case, the Court will not look kindly on these actions in light of the number of defenses and the lack of specificity.

## IV. CONCLUSION

For the reasons offered above, the Court **GRANTS IN PART and DENIES IN PART** Plaintiffs' Motion to Strike. (ECF No. 10.) Specifically, the Court **STRIKES** Defendants' second, third, and fifth affirmative defenses. Plaintiffs' Motion is **DENIED** with respect to all other defenses.

**IT IS SO ORDERED.**

10-28-2014

**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

8